Pearson, J.
 

 One Crane died in April 1842. The plaintiff alleges that Crane owed him a large debt. He commenced a suit at law against Faucett, administrator of the said Crane, and obtained judgment for his debt, admitting the plea of fully administered, and issued a
 
 scieri facias
 
 against the heirs, who failed to appearand plead ; whereupon, on the 15th of April, 1843, he filed this bill. It alleges, that the personal estate of Crane was exhausted by executions running at the time of his death, and that Crane had no real estate, except the two funds, which this bill seeks to subject. At the death of Crane, the defendant, Webb,had judgment for $2000 against one Frank Waddell, who is insolvent, and the defendants, Hugh Waddell and Crane, as his sureties. The Sheriff, at the death of Crane, held an execution upon this judgment, under which he sold personal property and land belonging to Crane, and after satisfying the executions, there remained in his hands of the proceeds of the sale of land the sum of $270, which he paid over to the defendant,
 
 *550
 
 Faucett, as administrator of Crane. The bill insists that this fund, being real estate, was improperly paid over to the administrator, and prays to have it applied to the satisfaction of the plaintiff’s debts.
 

 The bill also alleges, that, by the sales made by the sheriff aforesaid, Crane was made to pay about $600, more than his half of the judgment, upon which Waddell was bound as his co-surety ; which, being the proceeds of the sale of real estate, belong to the heirs of Crane; and he insists that it should be applied to the payment of his debt.
 

 The bill further insists, that Crane was indebted to him in another sum of about $225, for the hire of two negro men, blacksmiths, for the year 1842 : that upon the death of Crane in April, the plaintiff took back the two negroes and had their services for the balance of the year: that the defendant, Faucett, refuses to pay said debt of $225, on the ground that there are no assets applicable to it and has instituted suit against the plaintiff to recover the hire of the two negroes for the time the plaintiff had them in possession. The prayer is, that the amount of such hire may be entered as a credit upon the debt of $225 due the plaintiff.
 

 ' The defendant, Faucett, insists that his intestate was indebted to him to the amount of $270 : that the personal estate being exhausted, he procured from several of the heirs of Crane deeds assigning to him the fund of $270, excess in the hands of the sheriff, after satisfying the execution of Webb against Crane and Waddell, in satisfaction of his, the said Faucett’s debt. He also alleges that on the 24th of January, IS43, he filed a bill against the heirs of Crane, to subject the said fund to the payment of his debt; and it is admitted that at March term 1845, he obtained a decree to that effect.
 

 The defendant, Waddell, admits, that he did not pay his full share of the judgment of Webb ; but he alleges that
 
 *551
 
 Crane was largely in his debt, because of a payment, which he was forced to make for him shortly before his death upon another debt to Webb, for which he was Crane’s surety, and also a debt of $125 which he owed to Mrs. Watters, and for which he was his only surety; and that Crane owed him $200, the price of a pair of horses, and also about $100 for professional services. He therefore insists, that it was right, that, by the sale of Crane’s property, he should have been required to pay $600, more than one half of the judgment, and, that upon a statément of the account, Crane’s estate would be in his debt.
 

 The defendant, Webb, says, that he has no personal interest in the matter: that having a judgment against Crane and Waddell and knowing that Waddell had paid a large sum for Crane, he thought it was right, and, for that reason, did receive from the sale of Crane’s property about $600, more than his half that debt, which, by 'a statement made some short time before the execution was returned, he believes made the matter about equal between Waddell and Crane.
 

 The heirs at law are made parties by consent and it is agreed that no decree is to be entered to charge them.
 

 We see no reason to differ from his Honor, who heard the case in the Court below, so far as respects the decree, dismissing the bill with costs as to the defendants, Webb and Faucett. To say nothing of the assignments, which Faucett procured from some of the heirs, of the fund received by him, it is sufficient that he filed his bill to subject that fund,
 
 before
 
 this bill was filed, and he has obtained his decree ; so he has the prior equity.
 

 - As to the plaintiff’s claim against the-defendant, Wad-dell, several interesting questions are presented. The land was levied on in Crane’s life time, and' the sheriff very properly proceeded to sell and took no notice of his death. Is the payment to be considered as being made by Crane, so as to vest in his
 
 personal representative
 
 the
 
 *552
 
 right to sue for contribution, or is the payment to be considered as being made by the heirs, so as to give them the right to sue? Admit that the heirs have this right; is Waddell at liberty to set up his debt against their ancestor, and the amount which he paid as his surety, as a .counter claim, and to say that the lum due the heirs is only the balance, if any, which may be found due on settlement, according to the view of. the case taken by his Honor below ? We do not feel called on to decide these questions ; for, as it seems to us, the plaintiff has made out no equity, by which he can claim to.be substituted in the place of the heirs and call Waddell to an account, for contribution as
 
 cosurety
 
 of Crane. The bill does not suggest, that there is any collusion between the heirs and Waddell, as a ground to entitle the plaintiff to call on a debtor of the heirs. And, in the absence of this suggestion, there is no more reason, why a creditor may not be allowed to call on a debtor of the personal estate and claim to be substituted to the rights of the administrator, as against such debtor, than, for allowing him to be substituted to the rights of the heirs as against one who is their debtor. There is no principle of equity, upon which such a right can be sustained in the absence of collusion ; and in this case there is no such allegation, and the heirs may well say, they do not feel called on in conscience to force the defendant, Waddell, who is in the advance for their ancestor, to pay by way of contribution, for the purpose of handing the fund over to the plaintiff, who is also a creditor of their ancestor.
 

 We fully concur with his Honor, that the plaintiff had no lien upon the two negroes for the payment of their hire, and the conversion of them by him, after the death of Crane, without the consent or subsequent ratification of his administrator, was wrongful and without authority of law. He is liable to pay damages therefor to be ap
 
 *553
 
 plied in the due course of administration, and has no right to set it off against the debt due to him for their hire.
 

 Per Curiam.
 

 Bill dismissed with costs.
 

 Judge Nash being a relation of one of the parties did not take part in the decision of this case.